**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ANIMAL CARE SYSTEMS, INC.,

                               Plaintiff,

v.

HYDROPAC/LAB PRODUCTS, INC.,

                               Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

Plaintiff Animal Care Systems, Inc. ("Animal Care") for its Complaint against Hydropac/Lab Products, Inc. ("Lab Products") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 6,983,721 ("the '721 Patent"); 7,866,280 ("the '280 Patent"); 8,291,865 ("the '865 Patent"); 6,941,893 ("the '893 Patent"); and 6,986,324 ("the '324 Patent") (collectively, the "Patents-in-Suit"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §100 *et seq*., and for such other relief as the Court deems just and proper.

## THE PARTIES

2.      Plaintiff Animal Care is a Colorado corporation having its principal place of business at 7086 S. Revere Parkway, Suite 100, Centennial, Colorado 80112.

3.      Animal Care is a pioneer in innovative rodent caging systems that save energy and protect animals, their caretakers and the environment.  Established in 1997, Animal Care Systems is the first caging systems company in the industry founded by a veterinarian with experience in directing AAALAC-accredited animal care and use programs.  Dr. Germain Rivard has been awarded several patents for his innovative designs for cage level barrier-type animal cages.

4.      On information and belief, Defendant Lab Products is a Delaware corporation having its principal place of business at 742 Sussex Avenue, Seaford, Delaware 19973.

5.      On information and belief, Lab Products is a provider of laboratory animal housing and care systems, products and services throughout the United States, including in this district.  According to its website, Lab Products maintains an in-house sales representative for Colorado named Donna Daneluzzi.  *See* http://www.labproductsinc.com/section.cfm/contact.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.

7.      The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.

8.     The Court has personal jurisdiction over Lab Products.   Upon information and belief, Lab Products does substantial, continuous and systematic business in the State of Colorado.   Also, as set forth in detail below, Lab Products has purposefully directed its enforcement activities related to the Patents-in-Suit at Animal Care, a resident of Colorado.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

10.     On November 20, 2012, Lab Products filed a patent infringement lawsuit against Animal Care in the District of Delaware, No. 1:12-cv-01503 (SRF) ("the Delaware lawsuit"). Attached hereto as Exhibit A is a true and correct copy of the Complaint that Lab Products filed in the Delaware lawsuit ("the Delaware Complaint") (the Patents-In-Suit are attached hereto as separate exhibits).

11.     On or about November 30, 2012, Lab Products, by and through its Colorado agent, caused a copy of the Delaware Complaint to be served on Animal Care at its office in Centennial, Colorado.

12.     On January 22, 2013, Animal Care will file a Motion to Dismiss the Delaware Complaint for Lack of Personal Jurisdiction over Animal Care in the Delaware lawsuit.

13.     In the Delaware lawsuit, Lab Products accused Animal Care's OptiQUENCH® system and related products of infringing each of the Patents-in-Suit.

14.     As set forth in detail below, Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit.   A substantial controversy now exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

15.    Animal Care's OptiQUENCH system has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit.

16.    As set forth in detail below, each of the Patents-in-Suit is invalid for failure to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, §§ 101, 102, 103 and/or 112.

## COUNT I

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,983,721

17.    Animal Care realleges and incorporates by reference each of the preceding paragraphs.

18.    An actual and justiciable controversy requiring declaratory relief exists between Animal Care and Lab Products as evidenced by Lab Products' Complaint in the Delaware litigation alleging that Animal Care infringes the '721 Patent.

19.    In the Delaware Complaint, Lab Products alleged that "[u]pon information and belief, ACS, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe one or more claims of the '721 patent, directly, indirectly, jointly, literally, and/or by equivalents, by, among other things, making, using, offering for sale, selling, and/or importing into the United States animal care products embodying the patented invention, including without limitation the OptiQUENCH® water delivery system and related products, such as water valves."

20.    Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '721 Patent.

## COUNT II

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,983,721

21.     Animal Care realleges and incorporates by reference each of the preceding paragraphs.

22.     Each of the claims of the '721 Patent is anticipated and/or rendered obvious by one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 4,117,649; 4,534,159; 4,989,545; 5,000,120; 5,042,429; 5,148,766; 5,165,362; 6,112,701; 6,302,059; 6,257,171; 6,571,738; 6,584,936; 3,958,535; 4,022,159; 4,130,088; 3,791,590; 6,223,940; 3,100,586; 3,228,377; 3,239,104; 3,539,076; 3,550,560; 4,329,941; 4,403,570; 4,633,816; 4,948,014; 5,855,223.

23.     The claims of the '721 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## COUNT III

### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,866,280

24.     Animal Care realleges and incorporates by reference each of the preceding paragraphs.

25.     An actual and justiciable controversy requiring declaratory relief exists between Animal Care and Lab Products as evidenced by Lab Products' Complaint in the Delaware litigation alleging that Animal Care infringes the '280 Patent.

26.     In the Delaware Complaint, Lab Products alleged that "[u]pon information and belief, ACS, directly or through the actions of its employees, divisions, and/or subsidiaries, has

infringed and continues to infringe one or more claims of the '280 patent, directly, indirectly, jointly, literally, and/or by equivalents, by, among other things, making, using, offering for sale, selling, and/or importing into the United States animal care products embodying the patented invention, including without limitation the OptiQUENCH® water delivery system and related products, such as water valves."

27.     Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '280 Patent.

## COUNT IV

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,866,280

28.     Each of the claims of the '280 Patent is anticipated and/or rendered obvious by one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 4,117,649; 4,534,159; 4,989,545; 5,000,120; 5,042,429; 5,148,766; 5,165,362; 6,302,059; 6,257,171; 6,571,738; 6,584,936; 3,958,535; 4,022,159; 4,130,088; 3,791,590; 6,223,940; 3,100,586; 3,228,377; 3,239,104; 3,539,076; 3,550,560; 4,329,941; 4,403,570; 4,633,816; 4,948,014; 5,855,223.

29.     The claims of the '280 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## COUNT V

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,291,865

30.     Animal Care realleges and incorporates by reference each of the preceding paragraphs.

31.     An actual and justiciable controversy requiring declaratory relief exists between Animal Care and Lab Products as evidenced by Lab Products' Complaint in the Delaware litigation alleging that Animal Care infringes the '865 Patent.

32.     In the Delaware Complaint, Lab Products alleged that "[u]pon information and belief, ACS, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe one or more claims of the '865 patent, directly, indirectly, jointly, literally, and/or by equivalents, by, among other things, making, using, offering for sale, selling, and/or importing into the United States animal care products embodying the patented invention, including without limitation the OptiQUENCH® water delivery system and related products, such as water valves."

33.     Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '865 Patent.

## COUNT VI

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,291,865

34.     Each of the claims of the '865 Patent is anticipated and/or rendered obvious by one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 4,117,649; 4,534,159; 4,989,545; 5,000,120; 5,042,429; 5,148,766; 5,165,362; 6,302,059; 6,257,171; 6,571,738; 6,584,936; 3,958,535; 4,022,159; 4,130,088; 3,791,590; 6,223,940; 3,100,586; 3,228,377; 3,239,104; 3,539,076; 3,550,560; 4,329,941; 4,403,570; 4,633,816; 4,948,014; 5,855,223.

35.    The claims of the '865 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## COUNT VII

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,941,893

36.    Animal Care realleges and incorporates by reference each of the preceding paragraphs.

37.    An actual and justiciable controversy requiring declaratory relief exists between Animal Care and Lab Products as evidenced by Lab Products' Complaint in the Delaware litigation alleging that Animal Care infringes the '893 Patent.

38.    In the Delaware Complaint, Lab Products alleged that "[u]pon information and belief, ACS, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe one or more claims of the '893 patent, directly, indirectly, jointly, literally, and/or by equivalents, by, among other things, making, using, offering for sale, selling, and/or importing into the United States animal care products embodying the patented invention, including without limitation the OptiQUENCH® water delivery system and related products, such as water valves."

39.    Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '893 Patent.

## COUNT VIII

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,941,893

40.     Each of the claims of the '893 Patent is anticipated and/or rendered obvious by one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 4,117,649; 4,534,159; 4,989,545; 5,000,120; 5,042,429; 5,148,766; 5,165,362; 6,302,059; 6,257,171; 6,571,738; 6,584,936; 3,958,535; 4,022,159; 4,130,088; 3,791,590; 6,223,940; 3,100,586; 3,228,377; 3,239,104; 3,539,076; 3,550,560; 4,329,941; 4,403,570; 4,633,816; 4,948,014; 5,855,223.

41.     The claims of the '893 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## COUNT IX

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,986,324

42.     Animal Care realleges and incorporates by reference each of the preceding paragraphs.

43.     An actual and justiciable controversy requiring declaratory relief exists between Animal Care and Lab Products as evidenced by Lab Products' Complaint in the Delaware litigation alleging that Animal Care infringes the '324 Patent.

44.     In the Delaware Complaint, Lab Products alleged that "[u] Upon information and belief, ACS, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe one or more claims of the '324 patent, directly, indirectly, jointly, literally, and/or by equivalents, by, among other things, making, using, offering for sale,

selling, and/or importing into the United States animal care products embodying the patented invention, including without limitation the OptiQUENCH® water delivery system and related products, such as water valves."

45.     Animal Care has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '324 Patent.

## COUNT X

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,986,324

46.     Animal Care realleges and incorporates by reference each of the preceding paragraphs.

47.     Each of the claims of the '324 Patent is anticipated and/or rendered obvious by one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 4,117,649; 4,534,159; 4,989,545; 5,000,120; 5,042,429; 5,148,766; 5,165,362; 6,302,059; 6,257,171; 6,571,738; 6,584,936; 3,958,535; 4,022,159; 4,130,088; 3,791,590; 6,223,940; 3,100,586; 3,228,377; 3,239,104; 3,539,076; 3,550,560; 4,329,941; 4,403,570; 4,633,816; 4,948,014; 5,855,223.

48.     The claims of the '324 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Animal Care prays for an order entering judgment as follows:

A.     Declaring that Animal Care has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '721 Patent, either literally or under the doctrine of equivalents.

B.     Declaring that the claims of the '721 Patent are invalid.

C.     Declaring that Animal Care has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '280 Patent, either literally or under the doctrine of equivalents.

D.     Declaring that the claims of the '280 Patent are invalid.

E.     Declaring that Animal Care has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '865 Patent, either literally or under the doctrine of equivalents.

F.     Declaring that the claims of the '865 Patent are invalid.

G.     Declaring that Animal Care has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '893 Patent, either literally or under the doctrine of equivalents.

H.     Declaring that the claims of the '893 Patent are invalid.

I.     Declaring that Animal Care has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '324 Patent, either literally or under the doctrine of equivalents.

J.     Declaring that the claims of the '324 Patent are invalid.

K.     Awarding Animal Care its costs in this matter;

L.     Awarding Animal Care its attorneys' fees pursuant to 35 U.S.C. § 285; and

M.      Awarding any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Animal Care respectfully requests a trial by jury.


Dated January 22, 2013                     HOLLAND & HART LLP

                                           By:  */s/ Jane Michaels*
                                           Jane Michaels
                                           HOLLAND & HART LLP
                                           555 Seventeenth Street, Suite 3200
                                           Denver, Colorado 80202-3979
                                           Telephone 303-295-8162
                                           Facsimile:  303-295-8261
                                           jmichaels@hollandhart.com

                                           Craig R. Smith
                                           LANDO & ANASTASI, LLP
                                           Riverfront Office Park
                                           One Main Street – 11th Floor
                                           Cambridge, MA 02142
                                           Telephone (617) 395-7000
                                           Facsimile: (617)-395-7070
                                           csmith@lalaw.com

                                           *Attorney for Plaintiff Animal Care Systems,
                                           Inc.*


5970612_1.DOCX